**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| VALERII BAGDASAROV,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03513-MBB |

**ORDER**

Petitioner Valerii Bagdasarov petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 2). He asks the Court to order the Government to provide a bond hearing or immediately release him. (***Id.*** at p. 11). Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA") or his right to procedural due process, the petition is DENIED.

**Background**

Petitioner, a Russian citizen, allegedly entered the United States in 2023. (***Id.*** at p. 4). DHS allegedly initiated removal proceedings and paroled him into the country. (***Id.***). Petitioner allegedly filed an application for asylum. (***Id.***). He allegedly received employment authorization and worked as a commercial truck driver. (***Id.***). On July 29, 2026, DHS allegedly re-arrested Petitioner and detained him without bond. (***Id.***). He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (***Id.*** at p. 5); (**Doc. 7**, p. 1).

On August 20, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that DHS violated his Constitutional right to due process

when it revoked his parole. (***Id.*** at p. 8). And he argues that his continued detention without bond violates the Fifth Amendment. (***Id.*** at pp. 10-11).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. He presents no evidence to support his petition. But even accepting his factual assertions as true, his mandatory detention pending removal proceedings does not violate the INA or his right to procedural due process.

**I. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).**

In his Traverse, Petitioner argues that his mandatory detention under Section 1225(b)(2)(A) is unlawful. That Section says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under

immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "An alien who is paroled . . . shall not be considered to have been admitted." **8 U.S.C. § 1101(a)(13)(B)**. "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

Petitioner, a Russian citizen, does not allege that he was admitted to the United States. His alleged parole did not bestow admission. *See* **8 U.S.C. § 1101(a)(13)(B)**; ***Sanchez***, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). He acknowledges ongoing removal proceedings. He is present in the United States without having "made lawful entry into the country." *See* ***Avila***, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A).

## II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner urges the Court to evaluate his due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. *See* ***Mathews v. Eldridge***, 424 U.S. 319 (1976). But the Court does not apply the *Mathews* balancing test when considering mandatory detention of removable aliens. *See* ***Baynee v. Garland***, 115 F.4th 928, 933 (8th Cir. 2024) (noting that the Supreme Court has "already done whatever balancing is necessary"). Petitioner cites district court cases relying on *Mathews* to resolve immigration detention matters like his. But "[a] decision of a federal district court judge is not binding

precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011).

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee***, 115 F.4th at 932. *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. ***Id.*** at 527-29 (explaining that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Baynee***, 115 F.4th at 933, *quoting* ***Demore***, 538 U.S. at 527.

Petitioner argues that the Government revoked his parole without following certain procedures in 8 C.F.R. § 212.5(e)(2)(i). (**Doc. 1**, p. 8). But he offers no evidence to support his argument. *See* ***Johnson v. Mabry***, 602 F.2d at 171 (discussing the burden of proof in habeas proceedings). And he admits that his parole expired before DHS re-detained him. (**Doc. 1**, p. 4). Regardless, statute governs this case, not regulation. *See* ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). And statute gives the Government broad discretion to revoke parole and detain and alien. *See* **8 U.S.C. § 1182(d)(5)(A)**;

**8 U.S.C. § 1226(b)**. The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**.

The Government may continue to detain Petitioner under Section 1225(b)(2)(A) because he is an "applicant for admission," "seeking admission," who is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila***, 170 F.4th at 1133-34. Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that his removal proceedings are pending. Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, procedural due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

**Conclusion**

Neither Petitioner's re-detention nor his continued detention without bond violate the INA or his right to due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2026